

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

November 8, 1948

Dr. J. G. Flowers, President
Southwest Texas State Teachers' College
San Marcos, Texas

Opinion No. V-715

Re: Legality of payment to
San Marcos by South-
west Texas State Teach-
ers' College for police
and fire protection and
other like public serv-
ices.

Dear Dr. Flowers:

Your request for opinion is as follows:

"May the Southwest Texas State Teachers College pay the City of San Marcos for the following public services: Police protection, fire protection, street operation and maintenance, and other miscellaneous official services?

"Basic Data

"1. The College has recently acquired from the Federal Government title to 150 apartments and a service-office building located on land which has been owned by the College. During the War the Federal Government built this project as a defense housing project and paid the College rent on the land.

"2. At the close of the War this project was converted into a Veteran Student Housing Project and was continued under the administration of the Federal Housing Authorities. Federal Authorities discontinued its operation on October 1, 1948. The rents heretofore collected by the Federal Government will now be collected by the College and will be deposited in our Local Account.

"3. During the time the Federal Public Housing Authorities operated the unit, the said Federal Public Housing Authorities paid the City of San

Marcos $1,980.00 per year for the services mentioned above."

It affirmatively appears from the information given in your letter that the property therein mentioned, formerly owned by the Federal Government, is now owned by the Southwest Texas State Teachers' College, and hence is now public property of the State in common with all other property of the College. We assume, although you do not say so, that payment for the services specified in your letter to be rendered by the City of San Marcos to the College is to be paid from the rents received from students of the College, and that such rental or fees are to be deposited in the local account of the College. This revenue constitutes public funds. This department so held in Opinion No. 0-1662, a copy of which is herewith enclosed.

The expenditure of such local funds by certain designated governing boards, such as the Board of Regents of the State Teachers' Colleges, is governed by the provisions of Article 2654d, V.C.S., and Subsection (3) of H.B. 246, 50th Legislature. Said Article 2654d provides in part as follows:

"Sec. 1. The governing boards of . . . including . . . the Southwest Texas State Teachers' College at San Marcos may retain control respectively of the following sums of money collected at each of said several institutions in carrying out the functions of an educational institution, such as funds collected from student fees of all kinds; charges for use of rooms and dormitories, receipts from meals, cafes and cafeterias, fees on deposit refundable to students under certain conditions; receipts from school athletic activities; . . . all other fees and local institutional income of a strictly local nature arising out of any by virtue of the educational activities or research or demonstration carried out by each and all of the several schools."

"Section 8a. This law shall be subordinate and subservient to the biennial appropriation bill for the support of the several institutions herein mentioned."

The general provisions of the biennial appropriation for the educational institutions of the State, H.B. 246, 50th Legislature, are in part as follows:

" . . . or proceeds from the sale of such property, from labor performed, from the sale of materials, crops and supplies, from fees, and any and all other receipts, shall become and are hereby ap-

propriated as maintenance or contingent funds to
be expended under the direction and with the ap-
proval of the governing board having jurisdiction.
Said governing boards are authorized to use out of
the proceeds of said receipts and funds, in accord-
ance with the provisions of this act, such amounts
as they shall deem necessary for the support, main-
tenance, operation and improvement of said institu-
tions. . ."

We assume that in submitting your request you have in
mind such police and fire protection, street operation and main-
tenance, and other miscellaneous services rendered by the City
of San Marcos enjoyed in common by all citizens or institutions
within the confines of the corporate limits of the city. This opin-
ion is written upon that assumption.

The Board of Regents of the State Teachers' College is
created by legislative enactment, and it has only such power and
authority as is expressly conferred upon it by the Legislature or
such as may reasonably be implied from that expressly granted.

It will be observed by the provisions of Section 8a of
Article 2654d, V.C.S., quoted above, that these local funds are
subject to appropriation by the Legislature and may not be other-
wise expended. We do not construe the foregoing statutory pro-
visions—and there are no others presently existing—as author-
ity for the expenditure of these local funds by the College or its
Board of Regents for the purposes enumerated in your letter.

It seems quite clear to us that unless the College re-
ceives some special service from the City, not enjoyed in com-
mon by all citizens and institutions within the corporate limits
of the City, some of which may be tax-exempt as is the College,
payment for such services enumerated in your letter would be
precluded by Section 51 of Article III of the Constitution, which
provides:

"The legislature shall have no power to make
any grant or authorize the making of any grant of
public money to any individual, association of in-
dividuals, municipal or other corporation whatso-
ever."

We do not mean to hold that the expenditure of public
funds for police and fire protection, maintenance of streets,
etc., is not for a public purpose, but if paid to the city merely
for the privilege of enjoying these public services in common
with all to whom the city owes these services in any event,
such a payment would constitute a donation clearly forbidden

by the foregoing constitutional provision.

It therefore follows from what we have said above that it is our opinion that there is no legal authority for the Southwest Texas State Teachers' College to pay the City of San Marcos for the services mentioned in your letter.

## SUMMARY

Local funds of the Southwest Texas State Teachers' College may not be used to pay the City of San Marcos for police and fire protection, operation and maintenance of streets, and other municipal services, which are enjoyed in common by all citizens and institutions within the corporate limits of the city. Constitution, Section 51, Art. III.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By

L. P. Lollar
Assistant

LPL:sl:JCP

APPROVED:

Price Daniel
ATTORNEY GENERAL